ROBERT PINKSTON, SR., v. MIRIAM PINKSTON, Etc.

**Conveyance of Land — Mental Incapacity.**

   From the palpable unreasonableness of appellant's conveyance without
consideration, whereby he left himself homeless, it will be inferred that
he did not understand the legal effect of the conveyance, and did not
know the essential difference between a will and a deed.

**Deed — Description — Vagueness.**

   A conveyance of land by deed, which recites that it was "25 acres of
the tract more or less of about 50 acres sold to appellant and his
brother," is void for uncertainty of description.

APPEAL FROM MADISON CIRCUIT COURT.

January 13, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The *facts* proved in this case preponderate in favor of the con-
clusion that the appellant had not, at the date of his conveyance,
capacity to bind himself by a contract disposing of all, or nearly
all, he owned. Dr. French's opinion to that effect is corroborated
by the appellant's imbecile and diseased condition about that time,
and by the concurrent opinions of others, including Dr. Chenault.

But if the appellant had been competent to bind himself by a
reasonable contract, well understood by a free and self-poised
mind, the palpable unreasonableness of his conveyance without
consideration, either good or valuable, including his brother's
land without his authority or knowledge, although he resided on
the land, and to take effect at once, whereby the appellant left
himself homeless and turned out of his doors his aged and para-
lyzed mother, dependent on his care and protection, constrains us
to infer that he did not understand the legal effect of the convey-
ance and was fraudulently deceived and importuned by his
nephew and his mother, both of whom traveled to Richmond when
the deed was expected to be made and stuck to the appellant until
it was made. And the deduction is fortified by the fact that he
seemed to understand that he would hold and enjoy the land as
long as he lived, and, according to the opinions of many witnesses
and to intrinsic probability, did not know the essential difference
between a will and a deed.

Moreover, the land conveyed is undefined and undefinable. The only description of the land conveyed is that it was twenty-five acres, *more or less,* of the tract of about fifty acres sold to the appellant and his brother, Squire Pinkston. Such a deed is too vague to stand on its own legs and the record contains nothing extraneous to identify, in either boundary or quantity, the precise land conveyed.

Besides, if the land might be defined, one-half of it, and probably more, belongs to Squire Pinkston, and this fact also tends to show that the appellant did not understand the tenor or effect of the deed and should not be bound by it.

We conclude that the Circuit Court ought not to have dismissed the petition, but should have set aside the conveyance to Miriam Pinkston and proceeded with the cross-petition of Squire Pinkston.

Wherefore, the judgment is reversed, and the cause remanded for a decree and further proceedings conformable with this opinion.

*Burnam & Caperton, for appellant.*